UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

    v.                                              No. 1:14-cr-93-01-LM

ALKIS NAKOS

### UNITED STATES' OBJECTION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

The United States of America objects to defendant's two-page motion to reopen the June 2014 detention hearing based upon the birth of his child in July 2014 and the ability to be gainfully employed. At the time of the detention hearing, the Court correctly determined that defendant was both a danger to members of the community and a risk of flight because of his leadership role in a marijuana distribution operation which was responsible for the distribution of thousands of pounds of marijuana in New Hampshire between 2008 – 2014. The capacity to obtain a legitimate job, as evidenced by a 4 month old letter from a family friend, and be a father does not consist of sufficient information which would compel the reopening of the issue of detention. Nor would it serve to rebut defendant's danger to the public or risk of flight, which was established both at the time of the hearing and following the hearing when a grand jury returned a six-count Indictment which necessitates a 20 year minimum mandatory term of imprisonment premised upon defendant's role as an organizer, supervisor and manager of a continuing criminal enterprise. Accordingly, because some of the evidence in support of defendant's request was known at the time of the hearing and because a reopening of the hearing centered upon defendant's ability to be employed would not serve to rebut the factual findings made by the Court, defendant's motion should be denied.

**ARGUMENT**

Pursuant to the Bail Reform Act, 18 U.S.C. 3141 – 3156, in cases where defendants have been charged with drug offenses that carry a term of imprisonment in excess of 10 years, a rebuttable presumption of detention exists once the United States establishes that a defendant poses either a risk of flight or danger to the community.   See 18 U.S.C. 3142(f).   See also United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).   Once the rebuttable presumption is established, the defendant is required to produce some evidence to rebut it.   See, e.g., United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).   Yet, even if a defendant presents some evidence, the presumption of detention does not disappear but simply retains evidentiary value for the Court's assessment. Id.

A detention hearing can only be reopened following its conclusion if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community."   18 U.S.C. 3142(f)(2).   Courts have strictly interpreted the statutory provision authorizing the reopening of a detention hearing, holding that hearings should not be reopened if the evidence proffered was available at the time of the hearing.   See, e.g., United States v. Dillon, 938 F.2d at 1415 (Defendant was not entitled to reopen issue of pretrial detention in order to present affidavits from his father, police officer, friends, and former employers, or to present letters from a pastor and former hockey coach, as the information was known to defendant at the time of the prior hearing).   In addition, the new evidence must be "information that would materially influence the judgment about whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the

community." United States v. Cisneros, 358 F.3d 610, 614 (10th Cir. 2003); United States v. Watson, 475 Fed. Appx. 598 (6th Cir. 2012) (information must be of "a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community"). Courts have discretion in determining whether a detention hearing should be reopened, and they may decline to reopen the hearing if the purported new information is not sufficiently material to the issues of dangerousness or flight risk. See, e.g., United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

Defendant Alkis ("Nakos") was arrested on June 24, 2014, following the issuance of a 95 page criminal complaint that outlined Nakos' role in an extensive marijuana conspiracy which existed between 2008 through 2014 and which resulted in thousands of pounds of marijuana being smuggled into the United States from Canada and distributed in numerous states, including New Hampshire. See Criminal Complaint. At the time of defendant's detention hearing, June 30, 2014, the United States informed the Court that Nakos "[wa]s looking at a sentence far in excess of ten years." See Transcript of Preliminary and Detention Hearing Before Magistrate Judge Andrea Johnstone (hereafter, "Transcript") at 99-100. Since the time of the hearing, Nakos has been charged in a six-count Indictment with engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Section 848 (Count One (1)), and engaging in a conspiracy to distribute, and possess with intent to distribute, in excess of 1000 kilograms of marijuana (Count Two (2)) in violation of Title 21, United States Code, Section 841(a)(1) and 846. If convicted, Nakos will be sentenced to a 20 year minimum mandatory term of imprisonment as an organizer, supervisor, and manager of a continuing criminal enterprise.

The Indictment and criminal complaint against Nakos were based upon information obtained by numerous confidential informants and through the utilization of 6 separate wire and electronic intercepts over a 5 month period, all of which were issued in United States District Court, District of New Hampshire.   The evidence established that during the 2008-2009 time-frame alone, Nakos, who had previously served a 5-10 year term of incarceration for engaging in the distribution of crack cocaine and felonious use of a firearm, received between 4000 – 7000 pounds of marijuana in New Hampshire and generated between $3,000,000.00 - $5,000,000.00 in marijuana-related proceeds.   See Affidavit in Support of Criminal Complaint at 5-6, n. 2.    The evidence also established that although Nakos submitted tax documentation in support of a claim that he earned $30,000.00 a year as an employee of Amory Street Pizza in Manchester, New Hampshire, a business entity whose records established that approximately $12.00 a month was spent for the purchase of food-related items, he gambled in excess of $550,000.00 in currency at Foxwoods Resorts and Casinos between 2008-2014.   Transcript at 100, 108.   Indeed, in March 2014, just two months prior to his arrest, approximately $10,000.00 in United States currency and 3 cellular telephones were seized from Nakos when he was stopped by law enforcement while traveling in his 2014 Mercedes E350 to Foxwoods Resorts and Casinos.   See Criminal Complaint at 81-82.

  At the time of the detention hearing, counsel for Nakos, Robert Carey, Esquire, advised the Court that defendant's girlfriend "was [ ] probably ten days away from delivering their first child."   Transcript at 105.    In support of release, Attorney Carey suggested numerous conditions, including the surrender of Nakos' passport and electronic monitoring.   Id. at 105-106.    At the conclusion of a two (2) hour hearing, the Court rejected Nakos' arguments

and ordered that he be detained pending trial.    In doing so, the Court stated:

THE COURT:

      Mr. Nakos, you heard a reference earlier from Attorney Ollila as to the factors that the Court is obligated to consider as it makes its determination as to whether there are any condition or combination of conditions that will reasonably assure your appearance, and whether there are any condition or combination of conditions that will reasonably assure the safety of another or the community. The  factors that the Court consider include the nature and circumstances of the crime charged.   In this particular instance the charges that you have been -- the complaint charges you with various crimes related to drug activity, and that's something that the Court needs to consider, and I'm considering that in the context of my order.

      There is also the weight of the evidence, and again, in this particular instance, particularly given the presumption in this case, this is a circumstance in which the weight of the evidence is something that I must consider, and in your scenario while your attorney has presented some evidence particularly as it relates to risk of flight, the burden of persuasion remains on the government and the presumption still carries evidentiary weight that I consider.   There's also the history and characteristics of the defendant, and that includes your criminal record. And in this particular instance you do have prior criminal activity, and in particular that activity relates to the distribution and possession, if I have that correct, excuse me, the sale of a narcotic drug and the possession of a narcotic drug with intent to sell, you pled guilty to those charges, and the narcotic was crack cocaine.

      In terms of your past conduct and also your employment, those are other factors that I can consider. The government has raised significant issues regarding the legitimacy of your business and the nature of the business that you're involved in, and in particular the evidence as it relates to the surveillance and the lack of what appears to be business, pizza business related activity, something that the  Court is going to consider very strongly as it looks at your release potentially into  the community.

      In addition, there is at least the government's proffer that while your representations to pretrial services is that you have a net worth of   $15,200 and that your monthly income is $2,600, there's an unexplained amount of gambling activity at Foxwoods in a significant dollar amount, and the government has represented that was at least $550,000. With regard to history of drug and alcohol abuse, your pretrial services report establishes a regular use of marijuana. That's another factor that the court's considering.

      And finally with regard to your finances, there's been a representation proffered by the government that there's an unexplained amount of funds that you were able to purchase a vehicle and make a down payment and the subsequent payment in cash on a vehicle, and again that just doesn't seem to line up with your earnings as they relate to what you've represented in your pretrial services report.

>As a result of those various findings that I've made for the purposes of this hearing the Court concludes that there are no conditions, combination of conditions that will reasonably assure your appearance, nor are there any conditions or combination of conditions that will reasonably assure the safety of another or the community in the context of this case. As a result, I remand you to the custody of the United States Marshal.

See Transcript at 109-112.

Although the Court ordered Nakos' detention on the record at the time of the hearing, it also issued a written order in which it found that "[a]fter weighing the evidence and balancing the factors laid out in 18 U.S.C. 3142(g), the court finds that the government, aided by the presumption, met its burden of proof with respect to both flight and danger . . . [and that] defendant's release, <u>even on strict conditions, presents too serious a risk of both flight and danger</u>." See Order of Detention Pending Trial at 5 (emphasis added).

Defendant Nakos now claims that the birth of his child and receipt of a full time job offer consist of information which justifies the reopening of the detention hearing. See Defendant Alkis Nakos's Motion to Re-open Detention Hearing at 2. As he did at the time of the June 2014 detention hearing, defendant now claims that "electronic monitoring, curfew, drug testing, employment, and travel restrictions," will ensure the safety of the community and abate his risk of flight. However, the impending birth of Nakos' child was known at the time of the hearing and unsuccessfully utilized as a reason to secure release. See United States v. Dillon, 938 F.2d at 1415 (defendant was not entitled to reopen issue of pretrial detention when the information was known to defendant at time of prior hearing).

Moreover, the receipt of a letter of employment does not materially alter the myriad facts that established Nakos' long-standing role as a major drug-trafficker and his severe risk to the community. United States v. Cisneros, 358 F.3d 610, 614 (10th Cir. 2003) (information in support of reopening a detention hearing must materially influence whether a defendant will not

flee and will not harm any other person or the community). Nor would employment serve to diminish defendant's risk of flight any less, particularly given that Nakos, who has already served a 5-10 year term of incarceration for a drug-related offense, now knows that if convicted, he will receive a 20 year minimum mandatory term of incarceration. Thus, because the Court was not swayed by Nakos' impending role as a father at the time of the detention hearing, and because the receipt of employment will not significantly alter the danger that Nakos presents to the community and the risk of flight given the severity of the charges, the Court should decline to reopen the detention hearing.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Honorable Court deny defendant Nakos' motion to reopen the detention hearing.

Dated: November 17, 2014.

                                                      Respectfully submitted,

                                                     JOHN P. KACAVAS
                                                     United States Attorney

By:    /s/ Terry L. Ollila
        Terry L. Ollila,
        Assistant U.S. Attorney
        Bar No. 560603
        United States Attorney's Office
        53 Pleasant Street
        Concord, NH 03301
        (603) 225-1552
        Terry.Ollila@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Objection to the Defendant's Motion to Reopen Detention Hearing was served on the following persons on this date and in the manner specified herein: Electronically Served Through ECF: Robert Carey, counsel for defendant.

/s/ Terry L. Ollila
Terry L. Ollila
Assistant United States Attorney