**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    **v.**                                                Case No. 14-cr-93-LM

<u>Alkis Nakos</u>

## <u>O R D E R</u>

Before the court is defendant Alkis Nakos's motion to re-open detention hearing pursuant to 18 U.S.C. § 3142(f)(2) (doc. no. 56).  The government objects thereto (doc. no. 59).

## <u>Background</u>

Alkis Nakos ("Nakos") was arrested on June 24, 2014, following the issuance of a 95-page criminal complaint which outlined his role in an extensive marijuana distribution operation that was responsible for distributing thousands of pounds of marijuana in New Hampshire between 2008 and 2014.  On July 23, 2014, Nakos was charged in a six-count Indictment with engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, § 848 (Count One), and engaging in a conspiracy to distribute, and possess with intent to distribute, in excess of 1000 kilograms of marijuana in

violation of Title 21, United States Code, §§ 841(a)(1) and 846 (Count Two).

On June 30, 2014, a detention hearing was held in accordance with 18 U.S.C. § 3142(f).  At the conclusion of the lengthy June 30 detention hearing, the court ordered that Nakos be detained upon finding that he posed a risk of flight and danger to the community and issued a written order thereafter which incorporated by reference its rulings and findings issued orally from the bench (doc. no. 8).

Nakos seeks to reopen the June 30, 2014 detention hearing, citing to the following "new" information:  the birth of his daughter in July of 2014, and his having secured full-time employment as evidenced by an offer letter dated July 24, 2014.

## Legal Standard

A detention hearing may be reopened upon a finding that "information exists that was not known to the movant at the time of the hearing, and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as requested and the safety of any other person and the community."  § 3142(f)(2)(B).  This provision has been strictly interpreted by this circuit, which has held that "hearings should not be reopened if the evidence proffered was available at the time of the hearing."  United

2

States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 238 (D.P.R.
2009) (citing United States v. Dillon, 938 F.2d 1412, 1415 (1st
Cir. 1991)).  "New and material information for 18 U.S.C. §
3142(f)(2)(B) purposes consists of . . . truly changed
circumstances, something unexpected, or a significant event."
Id. at 239.  The court has discretion in determining whether a
detention hearing should be reopened, and may decline to reopen
the hearing if the purported new information is not sufficiently
material to the issues of dangerousness or risk of flight.  See,
e.g., United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

## Discussion

   The July 2014 birth of Nakos's daughter does not provide a
basis for reopening the detention hearing.  At the June 30, 2014
hearing, the impending birth of Nakos's child was known by him
at that time and his counsel advised the court that Nakos's
girlfriend "was [] probably ten days from delivering their first
child."  Transcript of June 30, 2014 Preliminary Hearing and
Detention Hearing at 105.  Information known to defendant at the
time of the prior hearing does not suffice as new evidence to
reopen the detention hearing.  See Dillon, 938 F.2d at 1415
(affirming court's decision not to reopen detention hearing
based on defendant's submission of affidavits from witnesses
that could have been introduced at the original hearing); see

3

also <u>Hare</u>, 873 F.2d at 799 (affirming district court's decision not to reopen detention hearing based on proffered testimony of defendant's family members and a friend, because the proffered information was not new).

Nakos's standing offer of employment with Independent Marble and Granite (as evidenced by a letter dated July 24, 2014) for the purposes of this order is treated as information not previously available to the defendant at the June 30 detention hearing.[1]  This new information is a factor in favor of release.  § 3142(g)(3)(a).  However, "it alone is insufficient to rebut the presumption that no set of conditions will guarantee the safety of the community and the defendant's appearance as required." <u>United States v. Wright</u>, No. 93-10093-01, 1993 U.S. Dist. LEXIS 18929, at *6 (D. Kan. Dec. 2, 1993). The court finds that under the circumstances of this case, the offer of employment while a factor in favor of release, lacks the requisite "material bearing on the issue of reasonable conditions of release." § 3142(f)(2)(B); <u>see also</u> <u>Dillon</u>, 938 F.2d at 1415.  Even if the court were to reopen the issue of detention, the weight of the new information regarding Nakos's offer of employment is not sufficient to warrant a different result on the issue of pretrial detention.  "The mere

---

[1] The court notes, however, that the owner of Independent Marble and Granite, Glen Lamper, states he has maintained a friendship with the defendant for roughly twenty years.

presentation of some evidence contrary to the presumption in §
3142(e) does not automatically destroy it and, 'in making its
ultimate decision, the court may still consider the finding by
Congress that drug offenders pose a special risk of flight and
dangerousness to society.'" United States v. Bennett, No. 94-
6590, U.S. App. LEXIS 1601, at *1 (6th Cir. Jan. 23, 1995)
(quoting Hare, 873 F.2d at 798).  The court's detention order
noted that (i) Nakos's criminal history including a guilty plea
to the sale of a narcotic drug (crack cocaine) and possession of
a narcotic drug (crack cocaine) with intent to sell, (ii)
evidence attacking the legitimacy of his alleged business and
employment at the time of his arrest, (iii) significant
discrepancies between his represented net worth and monthly
income and gambling activity at Foxwoods in an amount of at
least $550,000 and a cash down payment and subsequent purchase
in cash on a new vehicle, and (iv) his history of regular
marijuana use supported the Government's position that no
condition or combination of conditions will ensure Nakos's
appearance and the safety of the community.  The court also
cited the nature and circumstances of the crime charged which
carries substantial penalties if Nakos is found guilty of the
charged offenses and the rebuttable presumption of detention in
this case as further factors in favor of detention.  Were the
court to reopen the hearing and take the proffered offer of

employment into consideration, the court would continue to find by clear and convincing evidence that Nakos is a danger to the community and find by a preponderance of the evidence that he is a risk of flight and that there are no conditions or combination of conditions that would assure the safety of the community and/or his appearance if he were released.  The court would so find for the same reasons stated at the June 30th hearing and in its detention order.

### Conclusion

Accordingly, defendant Nakos's Motion to Re-open Detention Hearing (doc. no. 56) is denied.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

December 9, 2014

cc:  Robert S. Carey, Esq.
     Terry Ollila, Esq.
     United States Marshal
     United States Probation