UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

    v.                                                      No. 1:14-cr-93-01-LM

ALKIS NAKOS

## UNITED STATES' OBJECTION TO DEFENDANT'S MOTION TO RECONSIDER

The United States of America objects to defendant's motion to reconsider the Court's denial of his motion to reopen the detention hearing. The Bail Reform Act does not provide authority for the Court to reconsider its denial of defendant's motion to reopen the detention hearing. In addition, even if the Court were vested with the inherent authority to reconsider its prior denial, when properly understood, defendant's allegations - that the United States failed to provide him with discovery in support of its claim that his income and gambling revenue was consistent with the laundering of drug proceeds – consist of a repeated attempt to reopen what has been foreclosed and fails to establish manifest error warranting reconsideration.

## ARGUMENT

Defendant Nakos was arrested on a criminal complaint on June 24, 2014. On June 30, 2014, a lengthy detention hearing was conducted. At the conclusion of the detention hearing, the Court ordered that Nakos be detained pending trial. See Order of Detention Pending Trial (dated June 30, 2014). Four months after the hearing, counsel for defendant Nakos, Robert Carey, Esquire, filed a motion to reopen the detention hearing. See Defendant Alkis Nakos's Motion to Re-open Detention Hearing. In support of the motion, defendant Nakos claimed that the birth of his child and an employment opportunity warranted release. Id. The Court rejected the request, finding that although it possessed the legal authority to consider reopening

the hearing, it nevertheless declined to do so as "[it] would continue to find by clear and convincing evidence that Nakos is a danger to the community and find by a preponderance of the evidence that he is a risk of flight and that there are no conditions or combination of conditions that would assure the safety of the community and/or his appearance if he were released." See Order (dated December 9, 2014).

Following the issuance of the Court's order, defendant Nakos filed a 1 ½ page motion to reconsider. See Defendant Alkis Nakos's Motion to Reconsider. In support of the motion, defendant Nakos claims that the United States' failure to provide discovery involving his gambling activity and the sales at Amory Street Pizza provides a sufficient basis to reconsider the Court's denial of his request to reopen the detention hearing. Id. at 1. However, the Bail Reform Act does not afford the Court with the authority to reconsider its denial, as such matters are vested with the district court and appellate court. Moreover, when properly understood, defendant's motion to reconsider consists of another attempt to reopen what has already been denied. If defendant Nakos intended to request that the Court reconsider its denial of his motion to reopen, he would assert that the Court committed error when it failed to view the birth of his daughter and ability to obtain employment as sufficient grounds to allow for his release. Finally, even if the Court were conferred with the inherent authority to reconsider its prior denial, defendant's factual assertions are without merit and fail to demonstrate manifest error warranting reconsideration.

The Bail Reform Act of 1984 ("Bail Reform Act") provides for the detention of a defendant if the United States demonstrates that the defendant poses a serious risk of flight or danger to the community. See 18 U.S.C. 3141-43. When a magistrate judge issues an order of detention, defendants are entitled to seek a revocation of the order with the district court.

See 18 U.S.C. 3145(b). If the district court denies the motion to revoke the detention order, defendants may challenge the ruling with an appellate court. See 18 U.S.C. 3145(c).

Defendants may request that a detention hearing be reopened if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f)(2). If the defendant's request to reopen is denied, the denying Court's authority to reconsider is limited by statute. See United States v. Pon, 2014 WL 3340584 (M.D. Fla. 2014), citing Flintlock Constr. Servs., LLC v. Well-Come Holdings,m LLC, 710 F.3d 1221, 1225 (11th Cir. 2013) ("[A] court has inherent authority to `reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient' only in the `absence of prohibition by statute or rule.'"). The Bail Reform Act provides to the district court exclusive authority to review detention orders issued by magistrate judges. See 18 U.S.C. 3145(b) ("If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."). The limitation is in place because doing otherwise would allow defendants the opportunity to side-step the Bail Reform Act's provision of providing reconsideration authority to district courts. See Pon, 2014 WL 3340584 at 8 ("Inherent authority to reconsider a detention order at any time before trial for any reason would negate [the Bail Reform Act's] provision. It also would undermine the Bail Reform Act's provision of reconsideration authority to the district judge and, if pursued further, the appellate court, when a magistrate judge orders detention."). Accordingly, because this Court lacks authority to reconsider its denial of defendant's motion to reopen, defendant's motion must be denied.

Even if the Court were to view the factual claims advanced by Nakos as a sufficient foundation with which to confer jurisdiction to reconsider its decision, his claims do not amount to manifest error. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corporation v. Ashland Equities, Incorporated, 181 F.Supp.2d 1366 (S.D. Fla 2002). When determining whether grounds exist to justify reconsideration, Courts are limited to reconsideration based upon: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. United States v. Gallo, 2014 WL 1230717 (S.D. Fla. 2014); United States v. Pon, 2014 WL 3340584 (M.D. Fla. 2014) United States v. Edler, 2013 WL 4543695 (S.D. Fla. 2013); United States v. Saintvil, 2013 WL 6196523 (N.D. Ga. 2013). Defendant's purported grounds for reconsideration do not provide a basis to revisit the Court's prior detention holding.

The evidence of defendant Nakos' employment earnings and gambling activity was available at the time of the hearing to both defendant Nakos and the United States. If defendant disputed his employment earnings, as proffered by the United States at the time of the hearing, he was in the best position to supply documentation to rebut the United States' claim. Likewise, defendant Nakos could have rebutted the United States' assertion that between 2008 – 2014 he utilized $550,000.00 in United States currency at Foxwoods Resorts and Casino by either testifying or supplying documentation that he would clearly possess.[1] Therefore, because

---

[1] Unlike the United States, if defendant Nakos wanted to review his gambling activity at Foxwoods Resort Casino, he could have consulted his own personal records or obtained a copy of the records by simply making a request to

defendant Nakos' motion to reconsider consists of an attempt to have a third bite at the same apple, it should be denied.

Moreover, the information in support of Nakos' income and gambling were obtained in conjunction with a civil forfeiture filing by the United States, for which Nakos is represented by Attorney Robert Carey. Although the forfeiture unit of the United States Attorney's Office has obtained the records, they have not been disclosed in connection with the criminal prosecution but will undoubtedly be made available for Nakos in connection with the civil forfeiture matter. The records obtained from Foxwoods Resort and Casino revealed that during 2013 Nakos utilized $123,300.00 in United States currency over the course of 33 days to buy in to table games. In 2013, Nakos reported income equal to $64,800.00. Nakos' total gambling winnings in 2013 were equal to $12,874.00. The same records established that in 2012, Nakos utilized $216,655.00 in United States currency over the course of 34 days to buy in to table games. In 2012, Nakos reported payroll income in the amount of $31,200.00. Nakos' total gambling winnings during 2012 were equal to $26,183.00.[2]

The evidence also established that although Nakos submitted tax documentation in support of a claim that he earned approximately $30,000.00 as an employee of Amory Street Pizza in Manchester, New Hampshire, the records in support of the forfeiture of the business demonstrated that food expenses accounted for 2% of the business' expenses. The same

---

Foxwoods.

[2] Nakos leased a 2014 Mercedes E350 from Holloway Motor Cars in Manchester, New Hampshire, in May 2013. The vehicle was leased by Nakos for $66,160.00 and Nakos provided $21,976.00 in cash at the time of the lease. Within six (6) months of signing the lease, November 2013, Nakos signed a separate lease agreement for a 2014 Acura MDX with Honda North America, Inc. The vehicle price was $56,088.00 in United States currency and Nakos paid $25,000.40 in cash at the time he signed the lease. Financial documentation provided by Nakos to various financial institutions, including Holloway Motor Cars and Honda North America, established that in 2013 Nakos claimed an income of $64,800.00. Thus, during a one year period, May 2013 – May 2014, Nakos conducted a cash down-payment of $46,976.00 for two leased vehicles, which he leased for $122,248.00 with a yearly income of $64,800.00.

records established that food-related expenses were approximately $10.00 in United States currency each month. The information is consistent with the independent investigation conducted by an undercover law enforcement officer ("UC"), who was present at Amory Street Pizza for an extended period of time between 2012 and 2013 in order to investigate the entity's involvement in illegal gambling. The reports of the UC are replete with information which established that Amory Street Pizza was not being utilized as a restaurant. For example, on March 26, 2013, the UC spent two (2) hours inside the location and reported that "at no time was any food served to any patrons, nor did the telephone for the business ring." Similar reports during the time-frame of June 2012 through November 2013 provided consistent observations.[3] Therefore, because defendant Nakos' claim utterly fails to demonstrate the existence of an intervening change in the controlling law, the availability of new evidence or the need to correct clear error or prevent a manifest injustice, his motion to reconsider should be denied.

---

[3] June 22, 2012 ("There were no other patrons that were served food while we were at the establishment."), July 22, 2012 ("[N]or was any food purchases by any patrons."), September 19, 2012 ("At no time was any food served inside the establishment to any patrons."), October 12, 2012 ("At no time was any food served or prepared while we were at the establishment."), October 18, 2012 ("At no time was any food served or prepared while we were there."), November 8, 2012 ("At no time was any food prepared or served while we were present."), December 20, 2012 ("At no time was any food served or prepared during the time we were present."), December 20, 2012 ("There were no other customers in the establishment nor did anyone call to place an order for food or otherwise."), December 28, 2012 ("At no time was food served or prepared while we were inside the establishment."), December 28, 2012 ("We did not see anyone eating and/or ordering food while inside of Amory Street Pizza."), January 11, 2013 ("At no time was any food served or prepared while we were present."), January 18, 2013 ("At no time was any food served or prepared."), March 21, 2013 ("At no time was any food served at the restaurant, nor did the business telephone ring."), March 22, 2013 ("At no time was [ ] food served or prepared while we were at the establishment."), April 12, 2013 ("At no time was any food served or prepared at the establishment."), May 1, 2013 ("During my time inside the establishment no food was either prepared or served."), May 24, 2013 ("At no time did I observe anyone preparing any food, nor was any food served."), May 30, 2013 ("At no time was any food served nor was any food prepared while we were present."), June 7, 2013 ("[A]t no time did I observe any food being served at Amory Street Pizza, nor was any food prepared."), July 17, 2013 ("At no time was any food served or prepared while we were there."), September 26, 2013 ("At no time was any food served, nor was any prepared at this establishment."), November 15, 2013 ("At no time was any food served, nor was any food prepared while we were present. Matt made it a point to tell me that the grill only worked on one side and that the pizza oven's bottom [ ] didn't work.").

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Honorable Court deny defendant Nakos' motion to reconsider the denial of his motion to reopen the detention hearing.

Dated: January 5, 2015.

        Respectfully submitted,

        JOHN P. KACAVAS
        United States Attorney

By:   /s/ Terry L. Ollila
      Terry L. Ollila,
      Assistant U.S. Attorney
      Bar No. 560603
      United States Attorney's Office
      53 Pleasant Street
      Concord, NH 03301
      (603) 225-1552
      Terry.Ollila@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Objection to the Defendant's Motion to Reopen Detention Hearing was served on the following persons on this date and in the manner specified herein: Electronically Served Through ECF: Robert Carey, counsel for defendant.

        /s/ Terry L. Ollila
        Terry L. Ollila
        Assistant United States Attorney