UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Case No. 14-cr-93-04-LM |
| | ) | |
| JEREMY BLEVENS | ) | |
| | ) | |

**SENTENCING MEMORANDUM AND OBJECTIONS TO
PROPOSED SENTENCING OPTIONS AND SPECIAL CONDITIONS**

Defendant Jeremy Blevens hereby files the within Sentencing Memorandum and Objections to Proposed Sentencing Options and Special Conditions.

The Court has conditionally accepted Blevens' plea with a binding recommendation of 24 months imprisonment. That term of imprisonment is at the bottom end of the advisory guidelines sentence as calculated in the Presentence Investigation Report (24-30 months imprisonment), and at the top end of the advisory guidelines sentence as calculated by Blevens (18-24 months imprisonment). Blevens agrees with the probation department that his criminal history is Category I, with zero criminal history points. Blevens however contends that his offense level is 15, while the probation department contends his offense level is 17. The dispute is not academic, since the parties' binding recommendation is at the top of the guidelines as calculated by Blevens and the bottom of the guidelines as calculated in the Presentence Investigation Report. *See United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (2006) ("In most cases, ... the district court will have to calculate the applicable guidelines range including the resolution of any factual or legal disputes necessary to that calculation--unless they do not matter...").

I.      **The Drug Quantity Dispute**

The drug quantity dispute centers on the quantity of drugs attributable to Blevens.  As to ¶¶ 11, 12, 18 and 20, Blevens disputes that the evidence supports a finding that he should be held responsible for 20 pounds of marihuana.  The most the Government can demonstrate is that, at some *undetermined* time before October 23, 2013, Blevens received some *unknown quantity* of marihuana from Koustas, which Blevens, in turn, distributed.

Under U.S.S.G. §1B1.3(a)(1)(B), Blevens is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity..."  This "'jointly undertaken criminal activity' ... is not necessarily the same as the scope of the entire conspiracy, and hence relevant conduct is not necessarily the same for every participant." Application Note 2.  Thus, the Court must determine the scope of the activity Blevens agreed to jointly undertake.  *Id.*  Here, Blevens agreed only to distribute the marihuana distributed to him. Once the scope of activity Blevens agreed to undertake jointly is determined, he can be held responsible for the "conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant." *Id.*  "The conduct of others that was not in furtherance of the criminal activity jointly undertaken by the defendant, or was not reasonably foreseeable in connection with that criminal activity, is not relevant conduct under this provision." *Id.*

There is absolutely no evidence that Blevens is responsible for any particular quantity of marihuana, and the attribution to him of 20 pounds is completely speculative.  In *one* telephone conversation, on October 23, 2013 (the *first* day on which law enforcement became aware of Blevens' involvement in the conspiracy), Blevens told Koustas that he ". . . finally got rid of the Jack . . . I still have some Kush left . . . I still have some Orange." *See* PSR, ¶ 12.  The evidence

does not demonstrate the quantity of marihuana Blevens had received from Koustas before that October 23, 2013 telephone call - was it one gram of each strain, one ounce, one pound, or *twenty* pounds?  The evidence does not demonstrate how often Blevens received marihuana from Koustas - was it once, twice or more often?  Moreover, the evidence does *not* demonstrate whether Blevens received any, and, if he did, how much he received, on the evening of October 23, 2013.  The evidence does not demonstrate or even suggest that, at any time after October 23, 2013, Blevens received *any* quantity of marihuana from Koustas.  The evidence is insufficient to prove beyond a reasonable doubt, or even by a preponderance of evidence, that Blevens became involved in the conspiracy in March 2012, or that Blevens became involved in the conspiracy at *any* sufficiently definite time before the telephone conversation on October 23, 2013.  The evidence is insufficient to prove beyond a reasonable doubt, or even by a preponderance of evidence, that Blevens was responsible for 20 pounds of marihuana.  As a result, the estimate of 20 pounds is neither a reasoned estimate nor one supported by the record.  *United States v. Kinsella*, 622 F.3d 75, 86-87 (1st Cir. 2010).

Thus, as to ¶¶ 21, 26, 31 and 35, Blevens disputes that the total drug quantity for which he may be held responsible is 65.772 kg of marihuana equivalency, that his base offense and adjusted offense level is 20 and that his total offense level is 17.  While Blevens does not dispute that he is responsible for 4.0 oz of MDMA, or that the 4.0 oz of MDMA results in 56.7 kg of marihuana equivalency, Blevens does dispute that he is responsible for 20 pounds of marihuana.  Alone, the 56.7 kg of marihuana equivalency attributable to the 4 oz of MDMA, to which Blevens admitted during his change of plea colloquy, results in a base offense level of 18.  *See* U.S.S.G. § 2D1.1(c)(11) (base offense level of 18 for at least 40 kg but less than 60 kg of marihuana).  The 20 pounds of marihuana incorrectly attributed to him in the PSR, *see* Objection

3

1, *supra*, adds an additional 9.072 kg of marihuana, and a total marihuana equivalency of 65.772

kg of marihuana equivalency, thereby resulting in a base offense level of 20.  *See* U.S.S.G. §

2D1.1(c)(10) (base offense level of 20 for at least 60 kg but less than 80 kg of marihuana).

       Not only is the attribution to Blevens of 20 pounds of marihuana unsupported by

sufficient evidence to prove that quantity beyond a reasonable doubt, or even by a preponderance

of evidence, but also the attribution violates Blevens' rights under the Sixth Amendment.

Blevens did not admit to any particular quantity of marihuana, and he was not convicted by a

jury of any particular quantity of marihuana.  The Sixth Amendment requires any "facts that

increase the prescribed range of penalties to which a criminal defendant is exposed" either be

admitted to or be proven beyond a reasonable doubt to a jury.  *Alleyne v. United States*, __ U.S.

__, 133 S. Ct. 2151, 2160 (2013), *quoting Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see*

*also United States v. Pena*, 742 F.3d 508, *passim* (1st Cir. 2014).  To the extent that Blevens'

offense level, and, in turn, his guidelines range is increased as a result of a marihuana quantity to

which Blevens did not admit, the range of substantively reasonable sentences available to the

Court is, in turn, increased.  *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007) ("the extent of

the difference between a particular sentence and the recommended Guidelines range is surely

relevant" to whether a sentence is substantively reasonable).  At least three Justices of the

Supreme Court of the United States have opined that "any fact necessary to prevent a sentence

from being substantively unreasonable—thereby exposing the defendant to the longer sentence—

is an element that must be either admitted by the defendant or found by the jury.  It *may* not be

found by a judge" (emphasis in original).  *Jones v. United States*, __ U.S. __, 135 S. Ct. 8 (2014)

(Scalia, J., joined by Thomas, J. and Ginsburg, J., dissenting from denial of certiorari).  The

attribution of 20 pounds of marihuana to Blevens increases Blevens' base and adjusted offense

levels from 18 to 20 and his total offense level from 15 to 17.  This, in turn, increases the Blevens' guidelines' imprisonment range and, therefore, the range of substantively reasonable sentences available to the Court.  Therefore, the Court cannot, consistent with Blevens' rights under the Sixth Amendment, attribute to him 20 pounds of marihuana.

Therefore, Blevens' base and adjusted offense levels are 18, not 20, and his total offense level is 15, not 17.

## II.    Section 3553(a) Factors

When determining an appropriate sentence, 18 U.S.C. § 3553(a) requires the Court to consider several factors.  Here, among other things, the Court should consider Blevens' drug abuse history, his employment history and his family responsibilities, all detailed in the Presentence Investigation Report, in determining whether to impose a sentence at the low end of the advisory guideline range, as calculated by the Presentence Investigation Report.  Second, the Court should consider the fact that Blevens ceased his involvement in the offense many months before law enforcement made any arrests.  Third, should the Court ultimately calculate a guidelines sentencing range with a low end higher than 24 months, the Court should consider a downward variance under *Kimbrough v. United States*, 552 U.S. 85 (2007) because the drug quantity guidelines generally, and those applicable to Blevens specifically, are unfairly and unnecessarily harsh and because they result in sentences generally which are, and in a sentencing range specifically for Blevens which is, greater than necessary to comply with the purposes set forth in §3553(a).  In particular, the guidelines unjustifiably equate *4.0 ounces* of MDMA with *56.7 kilograms* of marihuana equivalency, an enormous discrepancy.  Finally, Blevens notes that, while detained at Cheshire County House of Corrections, he has received a Certificate of Completion for completing the Recovery Services Group.

### III.   **Objections Pursuant to Standing Order 14-4**

Pursuant to Standing Order 14-4, Blevens makes the following objections to the Proposed Sentencing Options and Special Conditions.  Blevens objects to the total offense level, and contends that his offense level is 15, not 17.  Blevens objects to the Guidelines Provisions for custody, and contends that the advisory range is 18 to 24 months, not 24 to 30 months.  Blevens objects to the section incorrectly setting forth the Statutory Provisions for a fine, and contends that the statutory provision is a range of $0 to $1,000,000, not a static $1,000,000.  Blevens objects to the following portion of the proposed special condition:  "The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment."  While Blevens has a history with illicit drugs, the Presentence Report shows, as to alcohol, only that Blevens is a social drinker who denies consuming alcohol to excess.  See ¶ 62.  There is no evidence he has a history of abusing alcohol or that the use or abuse of alcohol has in any way contributed to his criminal history or to the within offense.  That portion of the special condition imposes, without support in the record, a deprivation of Blevens' liberty which is greater than necessary to comply with the purposes of sentencing and of supervised release.

Defendant
Jeremy Blevens
By His Attorney,

*/s/ Benjamin L. Falkner*
Benjamin L. Falkner (Bar No. 17686)
bfalkner@krasnooklehm.com
Krasnoo | Klehm LLP
28 Andover Street, Suite 240
Andover, MA  01810
(978) 475-9955 (telephone)
(978) 474-9005 (facsimile)

Dated:  June 1, 2015

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served a true and genuine copy of the within document upon counsel of record for each other party via the Court's ecf system, and upon the Probation Officer via email, on June 1, 2015.

*/s/ Benjamin L. Falkner*
Benjamin L. Falkner