UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  14-93-01-LM |
| | ) | |
| | ) | |
| ALKIS NAKOS | ) | |

**DEFENDANT'S MOTION IN LIMINE RE: EVIDENCE THAT HE WAS IN PRISON WITH LEVENTIS AND OTHERS**

The defendant, Alkis Nakos, respectfully moves this Honorable Court in limine to exclude from evidence that he was in prison with Leventis and others during the period of March of 2004 to April of 2006 (approximately 15 months in the same facility).  In support thereof the defendant says:

1.  The time period alleged in the indictment is from at least in or about 2008 up to and including June 2014.

2.  Rule 404(b) allows evidence of other crimes, wrongs, or acts to be introduced for certain limited purposes.  There is a two-step analysis to determine admissibility of such evidence under this rule. First, the court must decide whether the evidence is specially probative of an issue in the case and is not merely offered to show the defendant's bad character or propensity for crime." *United States v. Smith*, 292 F.3d 90, 98-99 (1st Cir. 2002).  Even if the special relevance is established, the evidence must still satisfy Rule 403. Pursuant to Rule 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

3. The defendant is aware of the holding in *United States v. Tse*, 375 F.3d 148 (1st Cir. 2004), that in a conspiracy case, the district court may admit evidence of other bad acts if they tend to suggest a criminal association between the alleged conspirators. Still the defendant maintains here that the probative value evidence at issue is substantially outweighed by its unfair prejudicial impact.

4. Should this Court deny this motion, the defendant further moves for some sanitizing of the evidence, a limiting instruction when the evidence is introduced, and a voir dire question to the jury venire to ensure that the jurors chosen to sit on the trial will be indifferent even if they know the defendant served a prior sentence.

Respectfully submitted,

By his attorneys,

/s/ Jeffrey Karp
Jeffrey Karp
NH Bar #16940
P.O. Box 39
54 State Street, 2nd Floor
Newburyport, MA 01950
(978) 225-8363

/s/ Robert Sheketoff
Robert Sheketoff
BBO# 457340
One McKinley Square
Boston, MA 02119
(617) 367-3449

CERTIFICATE OF SERVICE

I, Robert Sheketoff, hereby certify that this document filed through the ECF system on August 6, 2015 will be sent electronically to the registered participants.

/s/ Robert Sheketoff
Robert Sheketoff

2