UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA )
)
v. ) Criminal No.  14-93-01-LM
)
)
ALKIS NAKOS )

**DEFENDANT'S PRE-TRIAL REQUESTS FOR JURY INSTRUCTIONS**

Now comes the defendant Alkis Nakos and respectfully requests the following jury instructions:

**1. Continuing Criminal Enterprise:**

The defendant is charged in Count One of the indictment with engaging in a continuing criminal enterprise in violation of Section 848 of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
First, the defendant committed the specific drug law violation charged in Count One of the indictment;
Second, that violation was part of a series of three or more violations committed by the defendant over a definite period of time, with the jury unanimously finding that the defendant committed each of at least three such violations;
Third, the defendant committed the violations together with five or more other persons.
Fourth, the defendant acted as an organizer, supervisor or manager of the five or more other persons; and
Fifth, the defendant obtained substantial income or resources from the violations. See 21 U.S.C. § 841(c); *Richardson v. United States*, 526 U.S. 813 (1999);Ninth Circuit pattern instruction 9.30.

**2. Cooperator Credibility.**

Witnesses have testified in this case who have been made promises by the government.  You should consider whether the testimony of such a witness may have been influenced by the government's promise and you should consider the testimony of such a witness with greater caution than that of an ordinary witness. " See *United States v. Hernandez*, 109 F.3d 13, 17 (1st Cir. 1997) (approving "with greater caution" or "with caution"); *United States v. Brown*, 938 F.2d 1482, 1486 (1st Cir. 1991) (referring to the

1

standard accomplice instruction as "with caution and great care"); *United States v. Skandier*, 758 33 F.2d 43, 46 (1st Cir. 1985) ("scrutinized with particular care").

**3. Right Not To Testify.**

The defendant has a constitutional right not to testify and no inference of any kind may be drawn from the fact that defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror. Simply put, it cannot even be discussed or considered in arriving at a verdict. See *Carter v. Kentucky*, 450 U.S. 288, 299-303 (1981).

**4. Conspiracy.**

A criminal conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. The agreement is the sine qua non of a conspiracy, and this element is not supplied by mere knowledge of an illegal activity, let alone by mere association with other conspirators or mere presence at the scene of the conspiratorial deeds. It is therefore essential to determine what kind of agreement or understanding existed as to each defendant. In order to sustain a conviction for conspiracy under 21 U.S.C. § 846, the evidence must show that (1) the conspiracy alleged in the indictment existed, (2) the defendant had knowledge of the conspiracy, and (3) the defendant knowingly and voluntarily participated in the conspiracy. Under the third element, the evidence must establish that the defendant both intended to join the conspiracy and intended to effectuate the objects of the conspiracy. See *United States v. Dellosantos*, 649 F.3d 109 (1st. Cir. 2011).

Respectfully submitted,

By his attorneys,

/s/ Jeffrey Karp
Jeffrey Karp
NH Bar #16940
P.O. Box 39
54 State Street, 2nd Floor
Newburyport, MA 01950
(978) 225-8363

/s/ Robert Sheketoff
Robert Sheketoff
BBO# 457340
One McKinley Square
Boston, MA 02119
(617) 367-3449

CERTIFICATE OF SERVICE

    I, Robert Sheketoff, hereby certify that this document filed through the ECF system on August 11, 2015 will be sent electronically to the registered participants.

                                        /s/ Robert Sheketoff
                                        Robert Sheketoff