## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-93-01-LM |
| | ) | |
| ALKIS NAKOS | ) | |
| | ) | |

### UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America hereby submits, pursuant to Fed. R. Crim. P. 30, its request

for jury instructions in the above-captioned case.   The United States reserves its right to

supplement or modify these requested instructions in light of the requests, if any, filed by the

defendant and the evidence in the case.

Respectfully submitted,

DONALD FEITH
Acting United States Attorney

Dated: August 13, 2015.          By:     /s/ Terry L. Ollila
                                          Terry L. Ollila
                                          Assistant U.S. Attorney
                                          Bar No. 560603
                                          U.S. Attorney's Office
                                          53 Pleasant Street
                                          Concord, NH 03301
                                          603.225.1552
                                          Terry.Ollila@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Proposed Jury Instructions was sent, this

date, August 13, 2015, to Robert Sheketoff, Esquire, counsel for defendant.

/s/ Terry L. Ollila
Terry L. Ollila, AUSA

## <u>UNITED STATES' PROPOSED INSTRUCTION NUMBER 1[1]</u>

## <u>JURY SOLE JUDGES OF FACT</u>

You are the sole and exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy.   You must make a determination as to what the facts are, what the truth is, based upon the evidence presented in the case. You will decide the case by applying the law as I give it to you in these instructions and the facts as you find them to be from the evidence.

## <u>UNITED STATES' PROPOSED INSTRUCTION NUMBER 2</u>

## <u>CREDIBILITY OF WITNESSES</u>

In determining what the facts are, what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony.   By credibility, I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor and manner while testifying. Consider the witness's ability to see, hear, or know the matters about which that witness has testified. Consider whether the witness had a good memory of what the witness has testified about. Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, whether the witness had anything to gain or lose as a result of his or her testimony, whether the witness had any friendship, relationship, or animosity towards other individuals involved in the

---

[1]Proposed Instructions Number 1–15 and 23-30 were given by the Court (Barbadoro, J.) in <u>United States v. Marco Garcia and Ciro Lopez Garcia</u>, Cr. No. 09-88-03/05-PB.

case, whether the witness's testimony was consistent or inconsistent with the witness's own testimony and the testimony of other witnesses. Consider the extent to which, if any, the testimony of each witness is either supported or contradicted by other evidence in the case.

After assessing the credibility of each witness, you will assign to the testimony of each witness, both under direct and cross-examination, such weight as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

### A. CREDIBILITY OF GOVERNMENT AGENTS

During the course of the trial you have heard several government agents testify. You should consider the testimony of a government agent in the same manner as you consider the testimony of any other witness in the case. In no event should you give the testimony of a government agent any more credibility or any less credibility simply because that witness is a government agent.

### B. CREDIBILITY OF ACCOMPLICES

You have heard witnesses who testified that they were involved in the planning and execution of the crimes charged in the Indictment. Such persons are commonly referred to as accomplices.

The testimony of one who asserts by his testimony that he is an accomplice may be received in evidence and considered by you even though not corroborated by other evidence, and you may give such testimony the weight you deem appropriate under the circumstances. However, you should keep in mind that such testimony is always to be received with caution and considered with great care. You cannot convict a defendant solely upon the unsupported

testimony of an alleged accomplice, unless you believe that unsupported testimony beyond a reasonable doubt.

In scrutinizing the manner and circumstances of the testimony given, you may consider any plea agreement that the government has entered into with a witness to determine how it affects any testimony given. You may consider whether an accomplice would benefit more by lying or by telling the truth. Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely? Or did he believe that his interests would best be served by testifying truthfully? In short, you may consider how a witness's hope of future benefits may affect his testimony.

### C.    <u>PRIOR INCONSISTENT STATEMENTS</u>

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that the witness previously made statements which are different than, or inconsistent with, his testimony here in court. Inconsistent or contradictory statements which are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out-of-court statements. You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual

concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 3

### TESTIMONY OF WITNESSES WHO PLED GUILTY

You have heard testimony from government witnesses who pled guilty to charges arising out of the same facts as this case. You have also heard evidence that other individuals pled guilty to charges arising out of the same facts as this case.

You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from the fact that prosecution witnesses or other individuals pled guilty to similar charges. The decisions by others to plead guilty were personal decisions about their own guilt. You may not use these guilty pleas in any way as evidence against the defendants on trial here.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 4

### WEIGHT OF THE EVIDENCE

The fact that the prosecution is brought in the name of United States of America entitles the government to no greater consideration than that accorded to any other party in litigation. By the same token, the government is entitled to no less consideration. All parties, whether the government or individuals, stand as equals at the bar of justice.

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You will consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

In reviewing the evidence, you will consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important. You will consider all of the evidence no matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 5

## STATEMENTS AND OBJECTIONS BY COUNSEL

During the course of the trial you have heard certain statements, arguments and remarks from counsel. These are intended to help you in understanding the evidence and in applying the law to this case. However, in the event that counsel have made any statements concerning the evidence that are contrary to your recollection of the evidence, then you must take your own recollection as to the evidence. If counsel have made any statements concerning the law that are contrary to my instructions, you must take the law from me. You are not to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than the law as I give it to you in my instructions.

From time to time during the course of the trial counsel have made objections.   This is a proper function to be performed by counsel on behalf of their respective clients. You should not

concern yourself with the fact that objections have been made, nor with my rulings on those objections. I must rule on objections and I have not intended to indicate in any way by my rulings or by what I have said what the verdict should be in this case.

In this case, as in all cases, I am completely neutral and impartial. It is up to you to determine whether the defendants are guilty or not guilty based on the facts as you find them to be and the law as I give it to you.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 6

## WHAT IS EVIDENCE

The direct evidence in this case consists of (1) the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who may have called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 7

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence:

1. Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by objections or by my ruling on objections.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 8

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked and any stipulations which have been agreed to by the lawyers for both sides.

Evidence may also be used to prove a fact by inference, and this is referred to as circumstantial evidence. In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience and common sense. Such reasonable inferences constitute circumstantial evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is up to you to decide how to weigh the evidence in this case. However, a defendant cannot be found guilty of any crime based upon a hunch or a suspicion, even a strong one, or on what is probably the case. He can only be found guilty if on the direct evidence and the reasonable inferences you draw from the direct evidence, you are satisfied that he is guilty of the crime beyond a reasonable doubt.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 9

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

During the course of the trial, I may have instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow these instructions during your deliberations.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 10

## PRESUMPTION OF INNOCENCE

The fact that an indictment has been returned against these defendants is not evidence of their guilt. An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial. It is you who will determine whether each defendant is guilty or not guilty of the offense charged in the indictment based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of either defendant, nor should you draw any inference from the fact that an indictment has been returned against them.

A defendant, although accused, begins a trial with a clean slate — with no evidence against him. The law permits nothing but the admissible evidence presented before you to be considered in support of any charge against him.

The presumption of innocence alone is sufficient to acquit a defendant unless you are satisfied beyond a reasonable doubt that he is guilty after a careful and impartial consideration of all of the evidence in the case.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 11

## GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant. The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The law does not compel a defendant in a criminal case to take the witness stand and to testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not testify.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt as to whether either defendant is guilty of any charge, you must find that defendant not guilty on that charge. If you view the evidence in the case as reasonably permitting either of two conclusions — one consistent with innocence, the other consistent with guilt — you must adopt the conclusion that is consistent with innocence.

You must never find a defendant guilty based on mere suspicion, conjecture or guess. Rather, you must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 12

## DEFENDANTS' FAILURE TO TESTIFY

The fact that the defendants did not testify must not be considered by you in any way or even discussed in your deliberations. They have an absolute right not to take the witness stand and you must not draw any inferences from the fact that they exercised that right.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 13

## DATE OF OFFENSE - ON OR ABOUT

You will note that the indictment charges that the offenses at issue were committed "on or about" or "from at least in or about" certain dates.   The proof need not establish with certainty the exact date of an alleged offense when the term "on or about" or "from at least in or about"   are used, for in such instance, it is sufficient if the evidence establishes beyond a reasonable doubt that the offense charged was committed on a date reasonably near the date alleged; that is, a date reasonably close in time to the date upon which the offense is alleged to have occurred.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 14

## STIPULATIONS

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the United States and the defendant accept the truth of a particular proposition or fact.   Since there is no disagreement, there is no need for evidence apart from the stipulation.   You must accept the stipulation as fact to be given whatever weight you choose.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 15

## CONTINUING CRIMINAL ENTERPRISE – COUNT ONE (1)

Count One of the Indictment against defendant charges that:

From at least in or about 2008, up to and including June 2014, in the District of New Hampshire, the District of Massachusetts, the District of New York, the District of Vermont, and elsewhere, defendant, ALKIS NAKOS, knowingly, intentionally and unlawfully engaged in a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801 et seq., which were undertaken by defendant in concert with at least five other persons with respect to whom defendant occupied a position of organizer, supervisor, or manager, and from which defendant obtained substantial income and resources.

Title 21, United States Code, Section 848 provides, in pertinent part, that:

[A] person is engaged in a continuing criminal enterprise if:

(1)    he violates any provision of this subchapter or subchapter II of this chapter, the punishment for which is a felony, and

(2)    such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter

(A)    which are undertaken by such person in concert with five or more persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B)    from which such person obtains substantial income or resources.

The phrase "violates any provision of this subchapter or subchapter II of this chapter" includes the offenses of conspiracy to distribute, or possess with intent to distribute, a controlled substance, distribution of a controlled substance, and possession of a controlled substance with the intention of distributing it.

You are instructed as a matter of law that marijuana and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, are controlled substances under the federal Controlled Substances Act as used in this section.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 16

## ELEMENTS OF THE OFFENSE

Before a defendant can be convicted of engaging in a continuing criminal enterprise, the United States must prove the following five (5) essential elements beyond a reasonable doubt:

**First**:   That defendant committed the offense charged in Count Two (2) of the Indictment; that is, that defendant committed the offense of conspiracy to distribute, and possess with intent to distribute, marijuana and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly;

**Second**:  That the offense, conspiracy to distribute, and possess with intent to distribute, marijuana and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, was part of a series of three or more offenses committed in violation of the federal narcotics law, which make it a crime to distribute or possess with intent to distribute a controlled substance;

**Third:** That the offenses in the series of three or more violations were committed in concert with five or more persons;

**Fourth:** That defendant acted as an organizer, supervisor or manager of these five or more persons; and

**Fifth:**  That defendant obtained substantial income or resources from the series of narcotics laws violations.

 [United States v. Soto-Beniquez, 356 F.3d 1 (1st Cir. 2003); United States v. Hernandez-Vega, 235 F.3d 705 (1st Cir. 2000); United States v. Hahn, 17 F.3d 502 (1st Cir. 1994)]

### UNITED STATES' PROPOSED INSTRUCTION NUMBER 17

### FIRST ELEMENT

The first element that the United States must prove beyond a reasonable doubt is that defendant committed a felony violation of the federal narcotics laws.   That is, you must find defendant guilty of Count Two (2) of the Indictment – conspiracy to distribute and possess with intent to distribute marijuana and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 18

## SECOND ELEMENT

The second element the United States must prove beyond a reasonable doubt is that this offense was part of a continuing series of violations of the federal narcotics laws.

A continuing series of violations is three or more violations of the federal narcotics laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.

These violations do not have to be convictions or separate counts in the indictment.    They may be acts not mentioned in the indictment at all, as long as there was an intent to violate the narcotics laws when they were committed.

You must unanimously agree on which three acts constitute the continuing series of violations.

[United States v. Hernandez-Vega, 235 F.3d 705 (1st Cir. 2000); United States v. Vega Figueroa, 234 F.3d 744 (1st Cir. 2000)]

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 19

## THIRD ELEMENT

The third element which the United States must prove beyond a reasonable doubt is that the continuing series of violations were committed in concert with five or more persons.    To act "in concert" means to act pursuant to a common design or plan.    These persons do not have to be named in the Indictment.   They could be others who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.

You do not have to find that the five or more persons acted together at the same time, or

that the defendant personally dealt with them together.    You also do not have to find that the defendant had the same relationship with each of the five or more persons.    Nor is it necessary that you identify each of these five persons by their first and last names.    Identifying them by their first names or street names is sufficient, as long as you determine that they are, in fact, five separate persons.

[United States v. Hernandez-Vega, 235 F.3d 705 (1st Cir. 2000); United States v. Vega Figueroa, 234 F.3d 744 (1st Cir. 2000);   United States v. Hahn, 17 F.3d 502 (1st Cir. 1994)]

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 20

### FOURTH ELEMENT

The fourth element that the United States must prove beyond a reasonable doubt is that the defendant occupied the position of organizer, supervisor or manager with respect to these five or more persons.   In considering whether the defendant occupied such a position, you should give the words "organizer, supervisor or manager" their ordinary, everyday meaning.

The continuing criminal enterprise law distinguishes between what amounts to employees of the enterprise and those who conceive of and coordinate the enterprise's activities.    The United States need not prove that the defendant was the single ringleader of the enterprise, as an enterprise may have more than one organizer or ringleader.   Likewise, the defendant need not be the dominant organizer or manager of the enterprise; he need only occupy some organizational, managerial or supervisory position with respect to five or more persons.     In addition, the United States need prove only that the defendant was organizer, or a supervisor, or held some management role, not all three.

The United States need not prove that the same type of superior subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or

controlled.      Likewise, the United States need not establish that the defendant managed five

people all at once, that the five acted in concert with each other, that the defendant exercised the

same kind of control over each of the five, or even that the defendant had personal contact with

each of the five.      In essence, the management element is established by demonstrating that the

defendant exerted some type of influence over another individual as exemplified by that

individual's compliance with the defendant's directions, instructions, or terms.

In considering whether the defendant occupied an organizational, supervisory or

managerial relationship with respect to the five or more persons, you should consider evidence that

might distinguish the defendant's position from that of an underling in the enterprise.   Did the

defendant negotiate large scale purchases or sales of the narcotics?     Did he make arrangements

for transportation or money washing?   Did he instruct the participants in the transactions?

These inquiries are not conclusive.     They are simply the kinds of questions you should ask

yourselves in thinking about the defendant's role in these activities and his relationship with other

persons involved in them.

[United States v. Hernandez-Vega, 235 F.3d 705 (1st Cir. 2000); United States v. Vega Figueroa, 234 F.3d 744 (1st Cir. 2000); United States v. Hahn, 17 F.3d 502 (1st Cir. 1994)]

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 21

### FIFTH ELEMENT

The final element that the United States must prove beyond a reasonable doubt is that the

defendant derived substantial income or resources from this continuing series of federal narcotics

law violations.

The statute does not prescribe the minimum amount of money required to constitute

substantial income, but the statute clearly intends to exclude trivial amounts derived from

occasional narcotics sales.    The "substantial income" requirement may be met either by direct evidence of the revenues realized and resources accumulated by the defendant, or by such circumstantial evidence as the defendant's position in the criminal organization and the volume of drugs handled by the organization.

In considering whether the defendant derived substantial income or resources from the continuing series of narcotics law violations, you may consider the defendant's gross income and anticipated profits from these violations as well as the net profits he actually realized from them. You may also consider evidence from which you can infer a receipt of substantial income or resources, such as lavish spending with no visible, legitimate, source of income.    Keep in mind, however, that the United States must prove that the defendant actually obtained substantial income from his narcotics activities and that, as with all other elements of the offense, the United States must prove this element of the offense beyond a reasonable doubt.

[United States v. Hernandez-Vega, 235 F.3d 705 (1st Cir. 2000); United States v. Escobar de Jesus, 187 F.3d 148 (1st Cir. 1999); United States v. Hahn, 17 F.3d 502 (1st Cir. 1994)]

## **UNITED STATES' PROPOSED INSTRUCTION NUMBER 22**

## **CONSPIRACY – COUNT TWO (2)**

Count Two (2) of the Indictment against defendant charges that:

> From at least in or about 2008, up to and including June 2014, in the District of New Hampshire, the District of Massachusetts, the District of New York, the District of Vermont, and elsewhere, defendant, ALKIS NAKOS, knowingly, intentionally and unlawfully agreed and conspired with others known and unknown to the grand jury, to distribute, and possess with intent to distribute, in excess of 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a schedule I controlled substance, and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, a schedule I controlled substance.

You are instructed as a matter of law that marijuana and 3,4 methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, are controlled substances under the federal Controlled Substances Act as used in this section.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 23

## ELEMENTS OF THE OFFENSE

Before a defendant can be convicted of the offense of conspiracy, the United States must prove several things beyond a reasonable doubt:

**First:**   A conspiracy involving two or more persons must have existed to commit the offense or offenses charged in the Indictment, to wit, to distribute, and possess with intent to distribute, in excess of 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly;

**Second:** Defendant must have joined the conspiracy with knowledge of the existence of the conspiracy and its criminal objectives;

**Third**:  Defendant must have knowingly, voluntarily, and intentionally become a member of the conspiracy;

**Fourth:**   In joining the conspiracy, the defendant must have intended to achieve the unlawful objectives of the conspiracy; and

**Fifth:** That it was reasonably foreseeable to defendant that during the course of the conspiracy, in excess of 1000 kilograms of marijuana were either distributed or possessed with the intention of having the substance distributed.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 24

## CONSPIRACY - EXISTENCE

A conspiracy is an agreement between or among two or more persons who join together in an attempt to achieve an unlawful purpose.   The essence of conspiracy is an agreement.   However, it is not necessary that the conspirators enter into a formal or express agreement for a conspiracy to exist.   What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate to accomplish the unlawful act described in the indictment.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 25

## KNOWLEDGE OF CONSPIRACY

To be guilty of the offense of conspiracy, a defendant must know of the existence of the conspiracy when he becomes a member.   That is to say, he must be aware of the existence of the conspiracy and its unlawful objectives.

It is unnecessary that a defendant know of all of the details of the conspiracy or the names of all of the other alleged conspirators so long as the defendant joins the conspiracy with an awareness of the existence of the conspiracy and its unlawful objectives.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 26

## KNOWINGLY AND WILLFULLY PARTICIPATING

A defendant must knowingly and willfully join in the conspiracy to be guilty of conspiracy. To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed –   that is to say, with bad purpose, either to disobey or disregard the law – not to act by ignorance, accident or mistake.   The United States must prove two types of

intent beyond a reasonable doubt before the defendant can be said to have willfully joined the conspiracy: an intent to agree and intent, whether reasonable or not, that the underlying crime be committed.   Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.   Intent may be inferred from the surrounding circumstances.

Proof that the defendant willfully joined in the agreement must be based upon evidence of his own words or actions.   You need not find that the defendant agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the United States must prove beyond a reasonable doubt that he knew the essential features and general aims of the venture.   Even if the defendant was not part of the agreement at the very start, he can be found guilty of the conspiracy if the United States proves that he willfully joined the agreement later.   On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 27

## SUBSTANTIVE OFFENSE

The indictment alleges a conspiracy to distribute, and possess with intent to distribute, in excess of 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly; in violation of Title 21, United States   Code, Section 841, which provides that it shall be unlawful for a person to knowingly or intentionally distribute, or possess with intent to distribute, a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly.

A defendant commits the offense of distribution of a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, when he intentionally distributes what he knows to be a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly.

**"Distribution"** means the act of delivering to another.   In determining whether a conspiracy to distribute a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, existed and whether the defendant joined the alleged conspiracy with an intention that the offense be committed, you will consider my instructions on the elements of the offense distribution of a mixture or substance containing a detectable amount of marijuana, and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly.

It is not necessary for the United States to prove that the conspirators succeeded in their alleged conspiracy for the defendant to be guilty.

### UNITED STATES' PROPOSED INSTRUCTION NUMBER 28

### MERE PRESENCE WITH OTHERS DOES NOT ESTABLISH A CONSPIRACY

The mere presence of the defendant at the scene of an alleged crime does not, standing alone, make such a defendant a member of a conspiracy.   Mere association with one or more members of the conspiracy does not automatically make any defendant a member.   One may know or be friendly with a criminal without himself being a criminal.   Mere similarity of conduct or the fact that the parties may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 29

## CO-CONSPIRATOR STATEMENTS

You have heard testimony that individuals alleged to be a co-conspirator of the defendant did or said things during the life or existence of the conspiracy in order to further or advance its goals. Since these acts may have been performed and these statements may have been made outside the presence of the defendant, and even done or said without the defendant's knowledge, these acts or statements should be examined with particular case by you before considering them against a defendant who did not do the particular acts, or make the particular statement.

You may consider the acts and statements of co-conspirators in determining whether a conspiracy as charged in the indictment existed.   However, only the defendant's own acts and statements show whether the defendant knowingly, voluntarily, and intentionally joined the conspiracy.   Thus, in determining whether this element of the conspiracy has been proved, you may consider the acts and statements of co-conspirators only to the extent that they help you understand the defendant's own acts and statements.

## UNITED STATES' PROPOSED INSTRUCTION NUMBER 30

## SUMMARY

In summary, you must separately decide whether the United States has proved each element of the conspiracy offense charged in the indictment beyond a reasonable doubt.   If you have a reasonable doubt as to whether a conspiracy existed as charged, that the defendant joined the conspiracy with knowledge of the conspiracy and its unlawful objectives, or that the defendant knowingly, voluntarily, and intentionally joined the conspiracy with the intent that the unlawful objectives of the conspiracy be carried out, you must find the defendant not guilty.   Alternatively,

if the United States has proved each element of the offense beyond a reasonable doubt, you should find the defendant guilty.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | )   **No. 1:14-cr-93-01-LM** |
| | ) |
| **ALKIS NAKOS** | ) |
| | ) |

## **VERDICT**

    1.   As to Count One of the Indictment, which charges defendant with engaging in a continuing criminal enterprise, we find the defendant:

    _____ Guilty        _____ Not Guilty

    2.   As to Count Two of the Indictment, which charges defendant with engaging in a conspiracy to distribute, and possess with intent to distribute, marijuana and 3,4methylenedioxymethamphetamine (MDMA), a/k/a Ecstasy, a/k/a Molly, we find the defendant:

    _____ Guilty        _____ Not Guilty

    If you have found the defendant not guilty, conclude your deliberations on this Count.   If you have found the defendant guilty, state the quantity of marijuana that was reasonably foreseeable to defendant to have been distributed during the course of the conspiracy.

<u>Marijuana</u>

    __      1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana

    __      100 kilograms or more of a mixture or substance containing a detectable amount of marijuana

    __      Less than 100 kilograms of a mixture or substance containing a detectable amount of marijuana

Dated: August __, 2015.

                                   _____
                                     Foreperson of the Jury