UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  14-93-01-LM |
| | ) | |
| | ) | |
| ALKIS NAKOS | ) | |

**DEFENDANT'S MOTION RE: VOIR DIRE**

Now comes the defendant in the above-named case and respectfully moves, pursuant to his constitutional rights to a fair and impartial jury, that all prospective jurors be examined individually to determine whether said jurors stand indifferent to the case, and that counsel be permitted to ask questions on certain topics as limited by the Court.

The defendant suggests the following topics be raised with the venire by counsel, or in the alternative by questioning by the Court.

1. (a) Each defendant comes before the Court presumed to be innocent.  That presumption means that the defendant is to be regarded by you as innocent unless and until the prosecution proves beyond a reasonable doubt that he is guilty of any charge.  The burden is never on the defendant to prove anything or present any evidence in Court.  Do you understand and agree to follow these rules of law as a juror in this case?

(b)  The burden on the prosecution in every criminal case is to prove every element of the crime beyond a reasonable doubt.  This is a much higher standard of persuasion than in a civil case, where the party with the burden of proof is required to prove his case by a fair preponderance of the evidence.  The reasonable doubt standard is crucial to the American system of criminal procedure - we utilize it because the defendant

1

has at stake an interest of such immense importance that we must reduce to the utmost minimum the risk of a conviction resting on factual error. Do you understand and agree to apply this standard of proof as a juror in this case?

  (c) The defendant has a constitutional right not to testify and no inference of any kind may be drawn from the fact that defendant did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror. Do you understand and agree to apply this standard of proof as a juror in this case?

 2. The defendant is before the Court charged with being an organizer, supervisor or manager of a large scale criminal organization selling marijuana and MDMA, also known as "Molly." Can you fairly and impartially judge the evidence against a defendant charged with such a crime?

 3. Have you or any of your close friends or member of your family ever been seriously impacted by drugs? How would this experience affect you if you were to serve on the jury in this case?

 4. Would you tend to believe the testimony of a law enforcement officer over that of a civilian witness? Generally speaking, are you inclined to believe as true what a law enforcement agent might say due solely to his or her position?

 5. Have you, any family members or close friends ever worked for or been connected with, any law enforcement agencies? If yes, who and what agency?

 6. Do you know any federal law enforcement officer or New Hampshire state police officer? If yes, who do you know and how do you know this person?

 7. Have you heard, read or seen anything about this case and if so what stands out in your mind?

8. Do you have any opinions about courts, court officials such as clerks and court officers, defense attorneys, prosecutors, or law enforcement officials that would have any effect on you if you were to serve on the jury in this case

9. Would you describe what you do at work?

        Respectfully submitted,
        By his attorney,

        /s/ Robert Sheketoff
        Robert Sheketoff
        BBO# 457340
        One McKinley Square
        Boston, MA 02119
        (671) 367-3449

**CERTIFICATE OF SERVICE**

I hereby certify that I am counsel for the defendant and have caused a copy of this pleading to be served electronically through the ECF system to all parties herein this 17th day of August, 2015.

        /s/ Robert L. Sheketoff
        Robert L. Sheketoff